UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 0 8 2011

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Danny Joe Hirschfield, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. |
| ) | 11 1441 |
| U.S. Dep't of Homeland Security *et al.*, ) | |
| ) | |
| Defendants. ) | |

TRANSFER ORDER

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is a resident of Upper Marlboro, Maryland, suing the Department of Homeland Security, the Federal Protective Service ("FPS"), and presumably an FPS officer for several encounters with law enforcement officers in Los Angeles beginning with an incident on July 6, 2010. Plaintiff alleges that while he was taking photographs, "several officers" at the federal courthouse in Los Angeles discriminated against him because of his disability and one security guard attacked him and handcuffed him. Plaintiff was issued "a citation[,] released with a fine of $275[,]" and scheduled to appear in court on September 1, 2010. Compl. at 2.

When plaintiff appeared for the scheduled court date, he allegedly was denied entrance to the courthouse because of insufficient identification. *Id.* at 2-3. Consequently, a bench warrant was issued presumably for his failure to appear. *Id.* at 3. Eventually, in April 2011, plaintiff was arrested on the outstanding warrant. *Id.* at 5. After five days in jail, plaintiff appeared in court and was released on bond. When he returned to court, his case was dismissed. *Id.* at 6.



Plaintiff seeks $4.5 million in monetary damages for "wrongful arrest, harassment, use of excessive force, bodily injury & false imprisonment," *id.* at 8, but he also claims violations of the Fourth Amendment and disability discrimination. *See id* at 2.

A claim for damages against the United States, including its agencies, is properly pursued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and such claims may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In addition, claims of disability discrimination are properly brought, *inter alia*, in the judicial district in the state where the alleged wrongdoing was committed. *See* 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e- 5(f)(3)); *see also* 28 U.S.C. § 1391(b) (generally designating the proper venue under the circumstances presented as the location where a substantial part of the events occurred). The complaint reveals no connection to the District of Columbia. Hence, this judicial district is not the proper venue for litigating plaintiff's claims. In the interests of justice and judicial economy, the Court will transfer the case. Accordingly, it is this 4TH day of August 2011,

ORDERED that pursuant to 28 U.S.C. § 1406(a), this action is hereby TRANSFERRED to the United States District Court for the Central District of California. The Clerk of this Court shall file and docket the complaint. Whether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

/s/ 
United States District Judge